IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| SHARION D. THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09-CV-1174 |
| DONALD R. PARKINSON, | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff pursues claims under the Fair Debt Collection Practices Act ("FDCPA") based on Defendant's litigation in state court to enforce an allegedly expired judgment. Defendant has moved to dismiss for lack of subject matter jurisdiction, or, in the alternative, for judgment on the pleadings. For the reasons below, the Court concludes that the district court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

### Allegations

"A district court, in ruling upon an issue of subject matter jurisdiction, must accept as true all well-pleaded factual allegations and draw all

reasonable inferences in favor of the plaintiffs." Kelley v. Med-1 Solutions LLC, 548 F.3d 600, 604 (7th Cir. 2008).

On April 30, 1999, a consent judgment was entered against Plaintiff in an Illinois small claims case for $2,222.80, based on unpaid chiropractic bills. Defendant Parkinson was the Associate Judge who entered the order, but after he left the bench he replaced the chiropractor's attorney in the small claims case. Over several years, Parkinson sought to enforce the judgment through several petitions for rule to show cause, followed by motions for body attachment. On January 11, 2005, the state court entered an order that "Deft. agrees to and is ordered to pay $25 per month commencing on 2/27/05 and a like amount on or before the 27th of each month thereafter until the judgment and costs are satisfied."  (p. 5 of state record attached to d/e 11).[1]

On June 16, 2006, Defendant filed another petition for rule to show cause in the small claims proceedings, which recounted the 1999 judgment and 2005 order, and stated that Plaintiff had missed two monthly payments. (d/e 11, p. 29 of state court record). The judge issued an order

---

[1] The parties agree that the Court can take judicial notice of the small claims case proceedings.  See Telltabs, Inc. v. Makor Issues and Rights Ltd.,551 U.S. 308, 323 (2007)(on 12(b)(6) motion, court considers complaint, documents incorporated by complaint, and matters established by judicial notice.).  The state court record is attached to d/e 11.

directing Plaintiff to appear and show cause why she should not be held in contempt for failing to make the payments ordered in 2005. (d/e 11, p. 28 of state court record)(sealed because of unredacted signatures).

Plaintiff did not appear in response to the show cause order. Defendant then moved for a body attachment, and a body attachment order issued on August 22, 2006. Over 18 months later, in February 2008, Plaintiff was served with the body attachment order when a vehicle in which she was a passenger was stopped for a traffic violation. The plaintiff was incarcerated for approximately six days (February 23-28, 2008) until someone posted bond for her. The rule to show cause was discharged and Plaintiff was released, with the bond applied toward the judgment. In November, 2008, Defendant filed a notice to revive the judgment, which was unopposed and was granted on March 31, 2009.

**Analysis**

Plaintiff claims that Defendant violated the FDCPA in June, 2006, by seeking to enforce an expired and legally unenforceable judgment. (Complaint, d/e 4, ¶¶ 20-21). Plaintiff asserts that the 1999 judgment became unenforceable after 7 years under 735 ILCS 5/12-108, and that Defendants efforts to enforce the 2005 monthly payment order amounted

to an attempt to enforce the underlying expired judgment. Plaintiff seeks compensation for her incarceration, which she asserts was the result of Defendant's pursuit of an unenforceable judgment: "As a result of Defendant's violations of the FDCPA, Plaintiff was strip searched, deprived of her liberty by spending five nights in jail, and experienced extreme humiliation, emotional distress, and mental anguish." (Complaint ¶ 44).

735 ILCS 5/12-108(a) provides in relevant part:

> Except as herein provided, no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same by a proceeding provided by Section 2-1601 of this Act; . . .

Defendant argues that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because they are effectively challenges to the state court proceedings. This Court agrees.

> The *Rooker-Feldman* doctrine . . . . 'precludes lower federal court jurisdiction over claims seeking review of state court judgments...no matter how erroneous or unconstitutional the state court judgment may be.' . . .The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations. . . . A state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court.

Kelley v. Med-1 Solutions, 548 F.3d 600 (7th Cir. 2008). The doctrine is

narrow, "'confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Id., *quoting* Lance v. Dennis, 546 U.S. 459, 464 (2006)(*citing* Exxon Mobil Corp. v. Saudi Basic Industries, 544 U.S. 230, 284 (2005). Claims independent of state court judgments are not barred. Id.

In the Court's opinion, the Seventh Circuit case Kelley v. Med-1 Solutions, 548 F.3d 600 (7th Cir. 2008), forecloses this lawsuit on the grounds of *Rooker-Feldman*. In Kelley, a hospital hired a debt collector to pursue collection efforts in small claims court. The debt collector successfully obtained judgments, which included the collector's attorney fees. The debtors did not dispute the judgments, but later they filed FDCPA claims in federal court against the debt collector, alleging that the collector had fraudulently represented in state court that it was entitled to fees.[2] 548 F.3d at 602. The plaintiffs in Kelley alleged that this was a "false, deceptive and unfair means" to collect a debt, in violation of the

---

[2]The debt collector was allegedly not entitled to the fees because the hospital had not assigned its rights to the debt.

FDCPA. The plaintiffs sought compensation for the amount of attorney fees that had been awarded in the small claims cases.

The Seventh Circuit in <u>Kelley</u> rejected the plaintiffs' argument that the debt collector's misrepresentations and requests in state court were independent of the state court judgment awarding fees. 548 F.3d 604-05. The Court noted that, even if the defendants had made fraudulent representations to the state court, they still had to obtain a court order to get their fees:

> Because defendants needed to prevail in state court in order to capitalize on the alleged fraud, the FDCPA claims . . . ultimately require us to evaluate the state court judgments. We could not determine that defendants' representations and requests related to attorney fees violated the law without determining that the state court erred by issuing the judgments granting the attorney fees.

<u>Id.</u> at 605. The Court reasoned that, absent the state court order awarding fees, the plaintiffs would not have suffered their injuries. <u>Id.</u> The FDCPA claims were therefore not independent of the state court judgments. <u>Id.</u>

This case seems on all fours with <u>Kelley</u>. Plaintiff pursues FDCPA claims based on a debt collector's misrepresentations in state court, just like in <u>Kelley</u>. Plaintiff asserts that she does not challenge the 1999 judgment, but that does not save her case from *Rooker-Feldman*.

Plaintiff's injury for which she seeks compensation was her wrongful incarceration, which, just like the injuries in Kelley, could not have occurred without the state court's orders. Plaintiff's incarceration was a direct result of those orders—she "would not have suffered the loss . . . for which she [seeks] compensation" without them. Id.; *compare with* Long v. Shorebank Development Corp., 182 F.3d 548, 552-553 (7th Cir. 1999)(FDCPA claims not barred by *Rooker-Feldman* because bank misled plaintiff about existence of debt "independent of and completely prior to the entry of the eviction order.").[3] Her FDCPA claims would therefore necessarily require a review of the correctness of those orders, just like the claims in Kelley. *See also* Long, 182 F.3d at 556 (due process claim was not independent of state court order of eviction, because injuries would not have occurred absent eviction order, but *Rooker-Feldman* did not apply because plaintiff had no opportunity to assert claim in state eviction proceeding).[4]

---

[3]The Seventh Circuit in Kelley distinguished Long by pointing out that the bank in Long "could have succeeded in its fraudulent debt collection attempt without going through the state court and obtaining a court judgment in its favor. Therein lies the distinction."  548 F.3d at 605.

[4]Plaintiff seems to contend that her incarceration was caused by Defendant's petition because, without the petition to enforce the alleged expired judgment, no rule to show cause or body attachment would have issued.  The Court does not understand this argument, since the body attachment issued not because of the alleged expired judgment Defendant sought to enforce, but because Plaintiff *did not appear* as ordered by the Court.  In any event, Plaintiff's incarceration could not have occurred without the court's orders, and therefore *Rooker-Feldman* applies.

Plaintiff contends that, even if *Rooker-Feldman* applies, she falls within the "reasonable opportunity" exception because she had no opportunity to assert her FDCPA claims in the state court proceedings. The Seventh Circuit remarked in Kelley that "the 'reasonable opportunity' exception to the *Rooker-Feldman* doctrine is of questionable viability", given the Supreme Court's narrowing of the doctrine in Exxon Mobil. 548 F.3d at 607. In any event, Plaintiff does not explain why she had no reasonable opportunity to raise her FDCPA claim as a counterclaim in the state court proceedings. The Court does not understand her argument that the state case was "legally defunct" and ceased to exist after seven years expired. (d/e 23, p. 6). The state court record clearly shows that the case was not closed and proceedings continued. (attachments to d/e 11). If Plaintiff believes that the state court was without jurisdiction to enter its orders, she could have asserted that defense in state court. Similarly, Plaintiff could have appeared in response to the rule to show cause, raised the defense of expiration, filed her FDCPA counterclaims, and moved for a venue transfer from the small claims division. *See* Ryan v. Miller, 58 Ill.App.3d 283, 285 (3d Dist. 1978)("circuit court is a court of general jurisdiction and the divisions into which its activities may be divided are not surrounded by jurisdictional boundaries")(case could be transferred from

small claims division to another division upon proper notice and motion); Household Finance Corp. v. Buck, 107 Ill.App.3d 628 (2d Dist. 1982)(example of federal counterclaims asserted in response to small claims complaint).  Thus, even if the "reasonable opportunity" exception is hypothetically still viable, it is not viable here.  Plaintiff had an opportunity to present her arguments and claims in state court, but she did not do so.

The Court accordingly will recommend that this case be dismissed for lack of subject matter jurisdiction, based on the *Rooker-Feldman* doctrine.

In light of this Recommendation, it is unnecessary to address Defendant's Rule 12(c) argument that Plaintiff states no FDCPA claim.[5][6] However, at the risk of offering dicta, the Court does agree with Defendant that Plaintiff fails to state an FDCPA claim.  The 1999 judgment did not become completely unenforceable after seven years, it merely required court proceedings to enforce it.[7]  Thus, the rule to show cause did not

---

[5] Defendant's argument is that the 7 year rule does not apply because Defendant's petition to show cause was to enforce the 2005 monthly payment order. Plaintiff counters that enforcing the 2005 order is equivalent to enforcing the judgment. Neither side cites case law.

[6] Rule 12(b)(6) appears the more appropriate rule, since Defendant has not yet filed its Answer.

[7] This is not a case where any collection efforts are barred, such as when the statute of limitations has expired.  *See, e.g.,* Parkis v. Arrow Financial Services, 2008 WL 94798 *7 (N.D. Ill. 2008)("federal courts have recognized that attempts to collect on time-barred debts are actionable under FDCPA.")(not reported in F.Supp.2d).

falsely represent that the judgment was enforceable: it *was* enforceable through revival. Illinois law allows a petition to revive a judgment to be filed in the case where the original judgment entered within 20 years after the entry of the judgment. 735 ILCS 13-218; 735 ILCS 5/2-1601-1602. It is true that Defendant did not specifically ask for revival in its June 2006 petition, but "an express request for revival is not necessary to effect revival of a judgment." Dep't of Public Aid ex rel. McGinnis v. McGinnis, 268 Ill.App.3d 123, 130 (4th Dist. 1994)(Department's petition to intervene and collect 12- year-old judgment for child support revived old judgment even though petition did not expressly ask for revival).

> "[E]ven under the requirements for the now-abolished writ of *scire facias*, all that was required to effect revival was 'a creditor must describe the original judgment by date and amount state whether or not it has been partially satisfied.'"

James T. Haddon, Ltd. v. Weiss, 342 Ill.App.3d 144, 149 (5th Dist. 2003)(quoted cites omitted)(law firm's actions to collect debt and debtor's partial payments sufficiently revived debt); People ex rel. Wray v. Brassard, 226 Ill.App.3d 1007, 1015 (4th Dist. 1992)(petition for contempt in regards to payment of child support was sufficient to revive judgment). The 2006 petition for rule to show cause set forth the date and amount of the original judgment, and set forth that Plaintiff was behind two payments on that

judgment, pursuant to the 2005 court order.  Under the precedent cited above, the Court believes the 2006 petition sufficiently revived the 1999 judgment, even if it did not specifically ask for revival (as Defendant did in 2008).[8]

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted (d/e 21).  The Court recommends that this case be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   November 6, 2009

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

---

[8] It is not clear if the June 2006 petition was served as required by the service rules that apply to petitions to revive (735 ILCS 5/2-1602(c)), but the Court does not see how that kind of procedural misstep, if it was one, would make out an FDCPA violation. The alleged false representation was that the judgment was unenforceable, but, as discussed above, the judgment appears to have been enforceable.