**E-FILED**
Wednesday, 25 November, 2009  11:40:46 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SHARION D. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-1174 |
| | ) | |
| DONALD R. PARKINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On November 6, 2009, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case.  On November 23, 2009, Plaintiff filed an objection to the Report & Recommendation.  This Order follows.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge.  Suffice it to say that Plaintiff has brought this litigation alleging that Defendant violated the Fair Debt Collection Practices Act by bringing state court litigation in 2006 to enforce an allegedly expired and unenforceable small claims judgment entered in 1999.  The Magistrate Judge recommends that the action be dismissed for lack of subject matter jurisdiction as barred by the Rooker-Feldman Doctrine, which precludes federal district courts from asserting jurisdiction over state court judgments and claims that are inextricably intertwined with state court determinations. *See* Kelley v. Med-1 Solutions, 548 F.3d 600 (7th Cir. 2008).

Plaintiff argues that the relief sought could not have been obtained in the state court proceedings, as she did not receive actual notice of the enforcement proceedings in 2006.

Her argument is essentially based on her assumption that the judgment against her had expired. However, that has not been established or held by any court, and the state courts obviously did not treat the 1999 judgment as expired when issuing the post-judgment enforcement orders in 2006. The fact that she did not receive actual notice of the proceedings is unfortunate, but even after she received notice, when she was taken into custody pursuant to those orders in 2008, she did not attempt to challenge the continuing validity of the 1999 state court judgment. Plaintiff contends that pursuit of an appeal at that time would have been impossible, as the post-judgment orders were essentially dissolved. Yet it was not merely the 2006 orders that resulted in her alleged harm, but rather the continuing effects of the 1999 judgment itself through Defendant's efforts to enforce it. She failed to take advantage of the opportunity to pursue an appeal to conclusively establish the expiration and non-revival of the 1999 judgment or otherwise seek relief to terminate the small claims case that resulted in the 1999 judgment that Defendant was attempting to enforce.

Plaintiff then contends that she was precluded by Illinois procedure from bringing her FDCPA claim in the state court case based on her conclusion that the claim arose out of a completely different controversy than the original small claims case and was against a different party. The Court disagrees. It was the efforts to enforce the small claims judgment that led to the orders that resulted in her arrest, and the post-judgment controversy is therefore not independent from the state court judgment. Additionally, the fact that her new claim is against a different party may have precluded a counterclaim, but would not have barred a third-party claim from being asserted or prevented joinder as, contrary to Plaintiff's bald assertion, this issue is related to or arising out of the small claims

action.  This situation is therefore readily distinguishable from that in <u>Long v. Shroebank</u>

<u>Development Corp.</u>, 182 F.3d 548 (7th Cir. 1999), and Plaintiff's alleged injuries quite

simply could not have occurred but for the judgment and orders of the state court.  Thus,

Plaintiff had several reasonable opportunities to pursue relief in the state courts, but chose

not to do so, and the "reasonable opportunity" exception to the Rooker-Feldman Doctrine

does not apply in this case.

Plaintiff next asserts that even if efforts to take action in 1998 would not have been

moot, the state court could not provide her with an effective remedy for her injuries.

However, the fact that she can obtain more relief in federal court does not create

jurisdiction where it would not otherwise exist.

Despite Plaintiff's objections, the Court concurs with the recommendation that this

Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine. Although

Plaintiff's claims are couched as seeking redress for the misrepresentations of opposing

counsel in attempting to enforce the judgment, these misrepresentation were not made

prior to the entry of the judgment, but rather were made later in post-judgment enforcement

proceedings.  *See* <u>Kelley</u>, 548 F.3d at 604-05.  Moreover, her defense hinges on the

judgment being unenforceable, effectively asking the Court  to review and overturn the

state court judgment entered against her in 1999 by finding it expired. <u>Id.</u>  "[T]he problem

with such a theory is that the plaintiff asserts that defendant 'violated the federal law by

seeking exactly what the state court awarded.'" <u>Kelley v. Med-1 Solutions, LLC</u>, 2008 WL

345986, at *4 (Feb. 6, 2008 S.D.Ind.), *citing* <u>Bullock v. Credit Bureau of Greater</u>

<u>Indianapolis, Inc.</u>, 272 F.Supp.2d 780 (S.D.Ind. 2003).   Her claims are therefore

inextricably intertwined with the state court judgment, and the Court lacks subject matter

jurisdiction to entertain them.  She cannot circumvent the Rooker-Feldman Doctrine simply by recasting her claims as violations of federal law.  <u>Johnson v. Orr</u>, 374 F.3d 564. 568-69 (7th Cir. 2008).

Accordingly, the Court now adopts the Report & Recommendation [#24] of the Magistrate Judge in its entirety.  Defendant's Motion to Dismiss [#21] is GRANTED, and this matter is now terminated.

ENTERED this 25th day of November, 2009.


                                        s/ Michael M. Mihm
                                        Michael M. Mihm
                                        United States District Judge